# COURT OF CRIMINAL APPEALS OF TEXAS

EX PARTE

39,583-38

CAUSE NO. WR-39,583

BILLY CHARLES WILKINS

Trl. Ct. No. -13,872

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAY 28 2015
Abel Acosta, Clerk

MEMORANDUM

To The Honorable Judge of said Court:

    Petitioner on the 12th day of June, 1995, was traveling east on Hwy 67/84 near Bangs, Texas was stopped by Texas Ranger Bobby Grubbs and taken into custody. No explaination why. Within 48 hours after the arrest there were no magistrate of the county held any warning hearing, interview. Petitioner was not informed about any accusation having been made against him or that there were any affidavit filed in any county court, as required by art. 15.17, V.A.C.C.P. Petitioner on the 11th day of July, 1995, was indicted by a grand jury where the prosecuting attorney charged the offense for burglary of a habitation. No arraignment was held by the trial court. Petitioner was taken before the Court in May, 1996, to a pre-trial hearing. Scott Steele the defense attorney waived arraignment and pre-trial was conducted by the Court. A motion for discovery and inspection was heard by the Court. Petitioner wasn't given any discovery material by Scott Steele No plea offer was made by the prosecution. Based solely on the testimony of a witness Samantha Gober petitioner was convicted by a jury for having commit burglary of a habitation. The jury sentence petitioner to a term of ninty nine years imprisonment.

    Now, petitioner discovers there are not a shrewd of evidence in the investigation report that petitioner was involved in the burglary at Cross Cut Texas. To arrest a person and accuse him of having commit a crime, there must be some evidence the person was involved

in committing the crime. In this investigation report the complainant Samantha Gober said she went to her residence on June 12th, 1995, at 12:30 PM and it was unusual for anyone to be at the residence this time of day. When she was driving up to the residence she saw the front door was open. She got close to her house she saw a Dodge pickup, gray in color, parked in front of the house. Said she had never seen the vehicle before. Said she then saw a white male walking in front of the Dodge pickup with some long guns in his hands,, Said the white male with blonde hair dropped the guns in front of the Dodge pickup. Said he then jumped into the driver's seat and drove away. This witness did not state anything to the investigating officer that she saw petitioner either enter or exit from her home. Only petitioner was walking in the yard an exterior of the residence. The report states no fact that the blonde male was walking away from or towards the vehicle with the long guns in his hands before he dropped them and left the premises. Therefore no fact indicates the white male with blonde hair was ever inside the residence. Further in the report the investigator said: the disturbed weapons, TV and house as well as the said footprint, were photographed by Deputy Neal. No identifiable prints were located. There again no fact indicates the white male with blonde hair was inside the residence. Although the investigator indicates in his report that when petitioner was arrested officers did locate an RCA VCR, and a digital Satellite System receiver. He dosn't indicate which officers located the RCA VCR and digital satellite system receiver, nor where the RCA VCR and digital satellite system receiver were located. Hardly wee there any supporting facts for the District Attorney to reduce any complaint to writing as required by Article 2.04, V.A.C.C.P. However, petitioner had discovered the District Attorney' Office did do so anyway. But Assistant District Attorney Craig Willingham while

LEGAL MAIL  LEGAL MAIL

transcribing the complaint made one hugh mistake. The investigator's information based upon the complaint he amend by adding the allegation, "Located in the vehicle was a VCR, and a digital satellite system receiver, is critical because this information did not come from the investigation report of the investigator. Because no such fact was recorded in the investigator's report, the statement causes the prosecuting attorney to be the accuser for the pleading described in the affidavit of the investigator's complaint.

Where a presumption of probable cause arose when the complaint was filed for the magistrate to have made a proper evaluation for the allegations caused the prosecuting attorney to substantially plead the charge in the indictment.

Although there is no allegation about how the theft was committed or how the affiant came to have such knowledge, State V. Martin 833 S.W. 2d 129, 131 (Tex. Crim App. 1992), but there are information about how the theft was committed that is based upon the complaint, creates a variance between the information and the complaint on which it is based as the theft committed is fatal to the validity of the information. In Peterson v. State, 781 S.W. 2d 933 (Tex. Crim. App. 1989), this Court discussed the variance and said a prosecuting attorney is not authorized to institute prosecutions in a county court upon his independent act or of his own volition. One may not be "both the accuser and the prosecutor in felony cases.

Because the prosecuting attorney is the accuser for the pleading in the indictment, the indictment is fundamentally defective. The trial court did not have jurisdiction to adjudicate petition's guilt and sentence him to 99 years imprisonment.

Where the investigation report details no fact petitioner was involved with the burglary, the prosecution wasn't entitled to even LEGAL MAIL up any complaint for any probable cause determination. A positive showing petitioner was innocent of the crime in which he was convicted. Where the prosecuting attorney had to amend the complaint and use false information is a positive showing of Prosecutoral Mis conduct to even get a conviction. Because Scott Steek provided petitioner no discovery material is a positive showing that petitioner did not receive a fair trial because of not having adequate representation.

Petitioner declares he has earned the right to a evidentary hearing to settle the dispute to the indictment and his innocence to this crime

Respectfully submitted,

Billy C. Wilkins

LEGAL MAIL



LEGAL MAIL